**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JEFFREY L. WEINSTEIN and             :
YAEL SANDLER                          :          Civil Action No.
                                      :
                 *Plaintiffs,*        :
        v.                            :
                                      :
NEW JERSEY MANUFACTURERS              :
INSURANCE COMPANY                     :          **JURY TRIAL DEMANDED**
                                      :
                 *Defendant*.         :
                                      :


## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.    PARTIES

1.      Plaintiff, Jeffrey L. Weinstein, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 251 South Lincoln Avenue, Newtown, PA 18940.

2.      Plaintiff, Yael Sandler, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 251 South Lincoln Avenue, Newtown, PA 18940.

3.      Defendant, New Jersey Manufacturers Insurance Company (hereinafter referred to as "NJM"), was and is now believed to be a corporation, duly organized and existing under the laws of the State of New Jersey and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located therein at 301 Sullivan Way, West Trenton, NJ 08628.

### II.   JURISDICTION AND VENUE

4.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.     The amount in controversy in this action is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and fees.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiffs' claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the District.

## III.    STATEMENT OF CLAIMS

7.     At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

8.     At all times material hereto, Plaintiffs were insured by Defendant NJM under a policy of automobile insurance which provided for underinsured motorist benefits, policy number F10200848-9. A copy of the Declaration Pages for policy number F10200848-9 covering the date of the accident at issue in this matter is attached as Exhibit "A" and incorporated by reference.

9.     On or about August 26, 2024, while the aforementioned policy was in full force and effect, Plaintiff Jeffrey L. Weinstein was operating a certain green 2022 Hyundai Tucson motor vehicle, with Pennsylvania license plate #LXV4629, in which Plaintiff Yael Sandler was a front-seat passenger, and was lawfully stopped at a red traffic signal on Belmont Avenue at or near its intersection with South Georges Hill Street in Philadelphia, Pennsylvania, when, suddenly and without warning, a certain silver 2021 Mercedes-Benz C Class motor vehicle, with Pennsylvania license plate #LSA1416, operated by Haohan Wei, violently struck the rear of Plaintiffs' vehicle

with such force so as to cause Plaintiffs to sustain serious and permanent injuries more fully set forth herein.

10.     At the time of the aforementioned accident, the motor vehicle operated by Haohan Wei was insured under a policy of automobile insurance issued by GEICO Secure Insurance Company.

11.     The aforementioned accident was caused solely by the negligence and carelessness of Haohan Wei and was not the result of the actions or inactions of the Plaintiffs.

12.     By reason of the aforesaid negligence and carelessness of Haohan Wei, Plaintiff Jeffrey L. Weinstein suffered severe and permanent injuries, including, but not limited to: cervical myelopathy and cervical degenerative disc disease and cervical spondylosis aggravated by motor vehicle accident; cervical myelomalacia with C3-C4 cord impingement and myelopathic signs, including hyperreflexia; C4-C7 neural compression aggravated and rendered symptomatic by motor vehicle accident; cervical radiculopathy, including right-sided C5 radiculopathy; cervicalgia; cervical strain; strain of joints and ligaments of neck; right trapezius myofasciitis; left and right trapezius spasm; tenosynovitis of the right thumb; right wrist tenderness; possible post-traumatic carpal tunnel syndrome; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

13.     By reason of the aforesaid negligence and carelessness of Haohan Wei, Plaintiff Yael Sandler suffered severe and permanent injuries, including, but not limited to: L5-S1 disc herniation with bilateral L5 nerve root abutment; lumbar disc bulge; L5-S1 unilateral left pars defect; radiculopathy, lumbar region; radiculopathy, cervical region; injury of lumbar, sacral and

pelvic sympathetic nerves; lumbar spondylosis aggravated by motor vehicle accident; cervical whiplash injury; lumbar strain and sprain; lumbosacral strain and sprain; cervical strain and sprain; cervicalgia; neck muscle strain; sprain of right shoulder; right shoulder strain; hip sprain and strain; hip contusion; bilateral hip pain; right shoulder pain; headaches; hyperreflexia; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

14.    As a further result of the accident, the Plaintiffs have been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries they suffered, and they may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

15.    As a further result of the accident, the Plaintiffs have suffered or may suffer a severe loss of their earnings and/or earning power, and they may incur such loss for an indefinite period of time in the future.

16.    As a direct and reasonable result of the accident aforementioned, the Plaintiffs may hereafter incur other financial expenses or losses which do or may exceed the amounts which they may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq., as amended, for which they claim damages herein.

17.    Further, by reason of the aforesaid accident, Plaintiffs have and/or may hereinafter incur other financial expenses all in an effort to treat and cure themselves of the injuries sustained in the aforesaid accident.

18.     As a further result of the accident, Plaintiffs have or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19.     Plaintiffs settled their underlying claims against Haohan Wei for the full amount of the applicable GEICO Secure Insurance Company policy limits. The consent to settle is attached as Exhibit "B".

20.     Notice of the aforesaid covered loss and Plaintiffs' intent to pursue benefits was provided to Defendant NJM in a prompt and timely manner by Plaintiffs and, at all times relevant hereto, Plaintiffs fully complied with all of the terms and conditions required by the policy. Copies of Plaintiffs' April 22, 2026 demand letters are attached as Exhibit "C".

21.     Plaintiffs demand underinsured motorist benefits in the amount of the policy limits.

22.     Defendant NJM, despite Plaintiffs' April 22, 2026 demands for underinsured motorist benefits under the Policy and submission of Plaintiffs' medical specials – the same documentation which supported GEICO Secure Insurance Company's tender of the full limits of its policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiffs monies owed for the injuries suffered as a result of the aforesaid loss. See Exhibit "C".

23.     As a result of Defendant NJM's failure and refusal to pay reasonable benefits to the Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

**COUNT I**
**JEFFREY L. WEINSTEIN v.**
**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**
**<u>BREACH OF CONTRACT</u>**

24.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-three (23) of the within Complaint, as though the same were fully set forth at length herein.

25. Defendant NJM has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

26. Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

27. Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

28. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

29. Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

30. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

31. Defendant's denial of coverage was made without a reasonable basis in fact.

32. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Jeffrey L. Weinstein, demands that the Court enter judgment in favor of Plaintiff and against Defendant, New Jersey Manufacturers Insurance Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT II**
**JEFFREY L. WEINSTEIN v.**
**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**
**BAD FAITH – 42 PA. C.S.A. § 8371**

33.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-two (32) of the within Complaint as though the same were fully set forth at length herein.

34.    Defendant has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. § 8371, et seq.

35.    In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

(a)    failing to evaluate Plaintiff's claim objectively and fairly;

(b)    failing to complete a prompt and thorough investigation of Plaintiff's claim;

(c)    failing to pay Plaintiff's covered loss in a prompt and timely manner;

(d)    conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e)    failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(f)    failing to keep the Plaintiff or his representatives fairly and adequately advised as to the status of the claim;

(g)    unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or his representatives;

(h)    failing to make a reasonable settlement offer to Plaintiff;

(i)    unreasonably withholding policy benefits;

(j)    acting unreasonably and unfairly in response to Plaintiff's claim; and

(k)     unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

36.    For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. § 8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Jeffrey L. Weinstein, demands that the Court enter judgment in favor of Plaintiff and against Defendant New Jersey Manufacturers Insurance Company, and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

**COUNT III**
**YAEL SANDLER v.**
**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**
**<u>BREACH OF CONTRACT</u>**

37.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-six (36) of the within Complaint, as though the same were fully set forth at length herein.

38.    Defendant NJM has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

39.    Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

40.     Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

41.     For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

42.     Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

43.     Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

44.     Defendant's denial of coverage was made without a reasonable basis in fact.

45.     Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Yael Sandler, demands that the Court enter judgment in favor of Plaintiff and against Defendant, New Jersey Manufacturers Insurance Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT IV**
**YAEL SANDLER v.**
**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**
**BAD FAITH – 42 PA. C.S.A. § 8371**

46.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty-five (45) of the within Complaint as though the same were fully set forth at length herein.

47. Defendant has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. § 8371, et seq.

48. In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

    (a)    failing to evaluate Plaintiff's claim objectively and fairly;

    (b)    failing to complete a prompt and thorough investigation of Plaintiff's claim;

    (c)    failing to pay Plaintiff's covered loss in a prompt and timely manner;

    (d)    conducting an unfair and unreasonable investigation of Plaintiff's claim;

    (e)    failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

    (f)    failing to keep the Plaintiff or her representatives fairly and adequately advised as to the status of the claim;

    (g)    unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or her representatives;

    (h)    failing to make a reasonable settlement offer to Plaintiff;

    (i)    unreasonably withholding policy benefits;

    (j)    acting unreasonably and unfairly in response to Plaintiff's claim; and

    (k)    unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

49. For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. § 8371, for which the Defendant is liable for statutory damages including interest

from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Yael Sandler, demands that the Court enter judgment in favor of Plaintiff and against Defendant New Jersey Manufacturers Insurance Company, and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims.

Respectfully submitted,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:    */s/Maria K. McGinty-Ferris*
Maria K. McGinty-Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiffs,
Jeffrey L. Weinstein and
Yael Sandler, h/w

Date: June 30, 2026

# EXHIBIT A

 **Insurance Group**

**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**
301 Sullivan Way, West Trenton, NJ 08628
1-800-232-6600 / www.NJM.com

# Automobile Policy Declarations

*This policy does not pay dividends*

**Named Insured(s) and Address**
JEFFREY L WEINSTEIN
251 S LINCOLN  AVE
NEWTOWN PA  18940-2154

**Policy Number**
F10200848-9

**Policy Period**
07/06/2024 to 07/06/2025
12:01 A.M. Standard Time

**Email address:** JLWLAW@COMCAST.NET

The auto(s) or trailer(s) described in this policy is (are) principally garaged at the Named Insured's policy address unless otherwise stated.

**COLLISION COVERAGE PROVIDED BY THE POLICY APPLIES TO A SHORT-TERM RENTAL OF A PRIVATE PASSENGER AUTO; AND A PICKUP, VAN, OR TRAILER NOT USED FOR BUSINESS PURPOSES. COVERAGE DOES NOT APPLY TO A RENTAL VEHICLE USED IN THE BUSINESS OF SELLING, REPAIRING, SERVICING, STORING OR PARKING AUTOS.**

Coverage is provided where a premium and/or a limit of liability is shown.

| Veh No | Year, Trade Name and Body Type | Vehicle Identification Number | Garage Location | Vehicle Loss Payee |
|---|---|---|---|---|
| 01 | 2014 BMW FOUR DOOR | WBA3D5C56EKX95344 | | BMW FINANCIAL SERVICES PO BOX 8002 HILLIARD OH 43026 |
| 02 | 2022 HYUNDAI SUV | KM8JBCA14NU065453 | | HYUNDAI LEASE TITLING TRUST PO BOX 20809 FOUNTAIN VLY CA 92728 |

**Driver(s)** (Year of Birth)
JEFFREY L WEINSTEIN (1961)
YAEL SANDLER (1966)

05/29/2024

A-777 (10/22)

**Coverages:**

Limited Tort applies

| **2014 BMW WBA3D5C56EKX95344** | **Limits and/or Deductibles** | **Premium** |
|---|---|---|
| Liability (Each Accident) | $300,000 | $388.00 |
| Uninsured Motorists (UM) - Non-Stacked | $300,000 | $47.00 |
| Underinsured Motorists (UIM) - Non-Stacked | $300,000 | $109.00 |
| First Party Benefits | | $108.00 |
|    Medical Expenses | $10,000 | |
|    Work Loss | $1,000 per month/$5,000 total | |
|    Accidental Death | No Coverage | |
|    Funeral Expenses | No Coverage | |
| Extraordinary Medical Benefits (EMB) | No Coverage | |
| Other Than Collision | $500 Ded | $175.00 |
| Collision | $500 Ded | $465.00 |
| Transportation Expenses | $50 per day/$2,000 maximum | $20.00 |
| NJM Roadside Assistance | $75 maximum per disablement | $8.00 |
| **Premium for 2014 BMW** | | **$1,320.00** |

| **2022 HYUNDAI KM8JBCA14NU065453** | **Limits and/or Deductibles** | **Premium** |
|---|---|---|
| Liability (Each Accident) | $300,000 | $327.00 |
| Uninsured Motorists (UM) - Non-Stacked | $300,000 | $28.00 |
| Underinsured Motorists (UIM) - Non-Stacked | $300,000 | $90.00 |
| First Party Benefits | | $83.00 |
|    Medical Expenses | $10,000 | |
|    Work Loss | $1,000 per month/$5,000 total | |
|    Accidental Death | No Coverage | |
|    Funeral Expenses | No Coverage | |
| Extraordinary Medical Benefits (EMB) | No Coverage | |
| Other Than Collision | $500 Ded | $137.00 |
| Collision | $500 Ded | $429.00 |
| Transportation Expenses | $50 per day/$2,000 maximum | $20.00 |
| NJM Roadside Assistance | $75 maximum per disablement | $8.00 |
| **Premium for 2022 HYUNDAI** | | **$1,122.00** |

**Total Policy Premium**                                         **$2,442.00**
**You are enrolled in NJM Insurance Group's Automatic Payment Plan. A notice will be sent to you approximately 12 days prior to the withdrawal of funds from your designated account.**

**Discounts Applied to Your Policy**
**To learn more about the discounts offered, please visit www.njm.com.**

**Policy Discounts**
- NJM Homeowner Policyholder
- Multi-Vehicle
- Electronic Payment

**Vehicle Discounts**
**2014 BMW WBA3D5C56EKX95344**
- Passive Restraint
- Anti-Lock
- Anti-Theft
- Full Coverage
- Crash Avoidance

**2022 HYUNDAI KM8JBCA14NU065453**
- Passive Restraint
- Anti-Lock
- Anti-Theft
- Full Coverage
- Crash Avoidance
- New Car

**Driver Discounts**
**JEFFREY L WEINSTEIN**
- Safe Driver

**Surcharges - To learn more about how activity impacts your policy, please see the included Pennsylvania Automobile Surcharge Disclosure Statement.**

**Your premium includes a surcharge of $215.00 due to:**
- At Fault Accident(s), 03/31/2022

**Endorsements**
A-711 (10/22) Personal Auto Policy
A-605 (10/22) Additional Insured - Lessor
A-626 (10/22) Underinsured Motorists Coverage - Pennsylvania (Non-Stacked)
A-627 (10/22) Uninsured Motorists Coverage - Pennsylvania (Non-Stacked)
F01361 (01/18) Increased Limits Transportation Expenses Coverage
A-755P (01/18) NJM Roadside Assistance

Notice of Tort Options

The laws of the Commonwealth of Pennsylvania give you the rights to choose either of the following two tort options:

A.   "Limited Tort" Option- This form of insurance limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury," as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

B.   "Full Tort" Option- This form of insurance allows you to maintain an unrestricted right for yourself and other members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering or other nonmonetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

05/29/2024                                                                                                     A-777 (10/22)

# EXHIBIT B

 **Insurance Group**

**NEW JERSEY MANUFACTURERS INSURANCE COMPANY**

301 Sullivan Way, West Trenton, NJ 08628
Fax: (609) 493-1822     (609) 659-5245 / www.NJM.com
KScott@NJM.com

May 22, 2026

Swartz Culleton PC
547 E Washington Ave
Newtown PA  18940

Re:     Our Claim No:         2024-862945
        Our Policy No:        F10200848
        Our Insured:          JEFFREY L WEINSTEIN
        Date of Loss:         August 26, 2024
        Your Client(s):       Jeffrey L Weinstein and Yael Sandler

Dear Swartz Culleton PC:

Please accept the following response to your 04/17/26 email requesting approval to settle with the tortfeasor on behalf of your client. New Jersey Manufacturers Insurance Company ("NJM") has completed its assets investigation of the tortfeasor. At this time, you are authorized to accept the tortfeasor's settlement offer.

In reference to your client's asserted UIM claim, please provide us with the following documentation:

- A signed authorization for the release of your client's PIP file;
- A copy of the demand package sent to the tortfeasor's insurance carrier or attorney;
- A signed authorization for the release of the records held by your client's primary care physician along with the primary care physician's name, address and telephone number;
- A copy of the settlement check from any underlying claim along with a copy of the corresponding executed Release.

Please be aware that NJM intends to rely on the statute of limitations as a defense in this matter and that the expiration of the statute of limitations date will preclude any UIM claim. Any investigation, communications or other actions taken by NJM will not serve to toll the statute of limitations period unless waived in writing by NJM.

By authorizing you to accept the underinsured's policy limit and extend a Release, we are making no representation, express or implied, that underinsured motorist coverage set forth in your client's policy applies to the instant claim. That reservation of our rights extends to application of the step-down clause and all other provisions of the applicable UIM endorsement, including the exclusions to coverage specifically listed therein.

Should you wish to discuss any aspect of this claim please feel free to contact me at the above number.

Very truly yours,

Keely Scott, AIC
Claims Specialist, Senior

Our Claim No: 2024-862945
Page 2

KS4901

# EXHIBIT C

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

Ethan B. Rodan, Esquire

Ariel Piña, Esquire

Tanner J. Bowes, Esquire

David A. Holtz, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com
erodan@swartzculleton.com
apina@swartzculleton.com
tbowes@swartzculleton.com
dholtz@swartzculleton.com

**April 22, 2026**

**NJM Insurance Group**
**Keely Scott**
**KScott@NJM.com**
**(Demand Emailed)**

|  |  |  |
|---|---|---|
| **RE:** | **Our Client:** | **Jeff Weinstein** |
|  | **Date of Loss:** | **8/26/24** |
|  | **Your Insured:** | **Yael Sandler & Jeff Weinstein** |
|  | **Claim #:** | **2024-862945** |

**Dear Keely Scott,**

Enclosed, please find plaintiff's specials package in this matter. As you know the third-party defendant has policy limits of **$15,000**. **Jeff Weinstein's** damages far exceed those policy limits. This is to advise you that our client has authorized us to settle this claim in the amount of the underinsured policy limits.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **May 22, 2026**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us. Should this offer not be accepted by **May 22, 2026**, it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against **NJM Insurance Group.**

I look forward to hearing from you at your earliest convenience.

Very truly yours,

SWARTZ CULLETON PC

Brandon Swartz

**BAS/tzw**
Enclosures



# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

Ethan B. Rodan, Esquire

Ariel Piña, Esquire

Tanner J. Bowes, Esquire

David A. Holtz, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com
erodan@swartzculleton.com
apina@swartzculleton.com
tbowes@swartzculleton.com
dholtz@swartzculleton.com

**April 22, 2026**

**NJM Insurance Group**
**Keely Scott**
**KScott@NJM.com**
**(Demand Emailed)**

|         |              |                              |
|---------|--------------|------------------------------|
| **RE:** | **Our Client:** | **Yael Sandler**          |
|         | **Date of Loss:** | **8/26/24**             |
|         | **Your Insured:** | **Yael Sandler & Jeff Weinstein** |
|         | **Claim #:**   | **2024-862945**             |

**Dear Keely Scott,**

Enclosed, please find plaintiff's specials package in this matter. As you know the third-party defendant has policy limits of **$15,000**. **Yael Sandler's** damages far exceed those policy limits. This is to advise you that our client has authorized us to settle this claim in the amount of the underinsured policy limits.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **May 22, 2026**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us. Should this offer not be accepted by **May 22, 2026**, it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against **NJM Insurance Group.**

I look forward to hearing from you at your earliest convenience.

Very truly yours,

SWARTZ CULLETON PC

Brandon Swartz

**BAS/tzw**
Enclosures



## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

X Jael Sandl